**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0187n.06
Filed: March 16, 2006

**No. 05-3770**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| JEAN BROKATE, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellant, | ) | UNITED STATES DISTRICT |
| | ) | C O U R T  F O R  T H E |
| v. | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| EXPRESS JET AIRLINES, INC. | ) | |
| | ) | **O P I N I O N** |
| Defendant-Appellee. | ) | |

BEFORE:    **DAUGHTREY and McKEAGUE, Circuit Judges; and McCALLA, District Judge.**[*]

**McKEAGUE, Circuit Judge.**  Jean Brokate appeals the dismissal of her diversity action against her employer, Express Jet Airlines, Inc. ("Express Jet").  The district court dismissed the action because it determined the claims were preempted by the Railway Labor Act, 45 U.S.C. § 151 *et seq.* (the "RLA").  We affirm.

**I.**

Express Jet employed Brokate as a flight attendant.  In February 2003, Brokate was injured while at work.  She went on occupational injury leave in April 2003.

---

[*]The Honorable Jon P. McCalla, United States District Judge for the Western District of Tennessee, sitting by designation.

As an employee of Express Jet, Brokate was covered under a Collective Bargaining Agreement (the "CBA") between the company and the International Association of Machinists and Aerospace Workers (the "Union"). Brokate maintains that the company violated the CBA by not permitting her to make benefit payments as an active employee while she was on leave.

The CBA sets forth a three-step procedure for employee grievances. Brokate filed a grievance which proceeded to a hearing at Step 2 of the process. Her claim was unsuccessful and the Union did not appeal it to the next level, final and binding arbitration before the System Board of Adjustment (the "Board").

Rather than appealing her claim individually to the Board, Brokate chose instead to file a diversity suit in federal court, asserting state law claims of breach of contract, intentional infliction of emotional distress, breach of the CBA, and violation of the duty of good faith and fair dealing. Express Jet moved to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(1),(6). Finding all of Brokate's claims preempted by the RLA, the district court dismissed the complaint by margin order.

This timely appeal followed.

## II.

We review *de novo* the district court's dismissal of Brokate's complaint. *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005); *Bauer v. RBX Indus., Inc.*, 368 F.3d 569, 578 (6th Cir. 2004). Like the district court, we "must treat all well-pleaded allegations in the complaint as true." *Roberson*, 399 F.3d at 794.

All of the RLA's provisions apply to air carriers engaged in interstate or foreign commerce, except for § 153 which is replaced by § 184. 45 U.S.C. §§ 181-182. Brokate, as an employee of an air carrier covered under the RLA, is subject to the RLA's statutory federal jurisdiction.

The RLA sets out a framework for addressing a dispute between a carrier and an employee arising out of the interpretation or application of a collective bargaining agreement, commonly referred to as a "minor dispute."[1] *Kaschak v. Consol. Rail Corp.*, 707 F.2d 902, 904 (6th Cir. 1983). All of Brokate's claims clearly rest upon a minor dispute – i.e., her allegation that Express Jet violated the terms and conditions of the CBA by not permitting her to pay for and receive benefits as an active employee while on injury leave.

When faced with a minor dispute, all parties must "exert every reasonable effort . . . to settle" it. 45 U.S.C. § 152 First. Barring a quick, informal resolution, the parties must try to resolve the dispute within the carrier's normal grievance process. *Id.* § 184. If they fail to do so, either party can refer the dispute to "compulsory and binding arbitration before an adjustment board." *ABX Air, Inc. v. Airline Prof'ls Ass'n, Local 1224*, 266 F.3d 392, 396 (6th Cir. 2001) (citing 45 U.S.C. §§ 152 Sixth, 184).

In accordance with the provision for "compulsory and binding arbitration," an adjustment board has exclusive jurisdiction over any minor dispute. *Airline Prof'ls Ass'n, Local 1224 v. ABX Air, Inc.*, 274 F.3d 1023, 1028 (6th Cir. 2001). Courts are without subject matter jurisdiction to

---

[1]In contrast, a "major dispute" is defined as a dispute "over the formation of collective agreements or efforts to secure them." *Airline Prof'ls Ass'n, Local 1224 v. ABX Air, Inc.*, 400 F.3d 411, 414 (6th Cir. 2005) (internal quotations omitted). Such disputes arise "where there is no such agreement or where it is sought to change the terms of one." *Id.* (internal quotations omitted).

resolve the substance of minor disputes and state law claims arising from such disputes are preempted by the RLA. *Id.* at 1027-29; *Capraro v. UPS*, 993 F.2d 328, 332 (3d Cir. 1993); *McCall v. Chesapeake & Ohio Ry., Co.*, 844 F.2d 294, 300 (6th Cir. 1988). The jurisdictional bar is not, however, absolute – there are limited exceptions for court action when, for example, pursuing arbitration would be futile or impossible. *Capraro*, 993 F.2d at 336; *Kaschak*, 707 F.2d at 907.

As her only argument on appeal, Brokate maintains that the Union's decision not to represent her before the Board is evidence that arbitration was impossible for her. Yet, Brokate had the right to pursue arbitration on her own behalf. *Miklavic v. USAir, Inc.*, 21 F.3d 551, 555 (3d Cir. 1994). In fact, the CBA specifically permitted her to have her own counsel at arbitration before the Board: "A flight attendant may elect to have her/his legal counsel present only at the System Board of Adjustment, and only after having signed a Union representation waiver." CBA § 18.C.9. While she might have wanted the Union to represent her before the Board, its decision not to do so did not bar her from arbitrating her claim. As she has not suggested that the Union or Express Jet somehow inhibited her ability to arbitrate the matter herself, her failure to seek arbitration is fatal. *See Kaschak*, 707 F.2d at 913 (explaining that an employee's "failure to personally request arbitration" must be "justifiable" before the exception to exclusive jurisdiction will apply). To find otherwise would open the litigation floodgates to all minor disputes in which a union does not doggedly pursue each and every grievance – for lack of merit, lack of resources, or other reasons – through all steps of the grievance process as well as binding arbitration. Such a result would be directly contrary to the law as well as a union's "affirmative duty" not to press grievances it "believes, in good faith, do

not warrant such action." *Schmidt v. IBEW, Local 949*, 980 F.2d 1167, 1170 (8th Cir. 1992) (quoting

*Sanders v. Youthcraft Coats & Suits, Inc.*, 700 F.2d 1226, 1229 (8th Cir. 1983)).

## III.

For the reasons provided above, we conclude that the district court did not have jurisdiction

over Brokate's preempted state law claims. Therefore, we AFFIRM judgment in favor of Express

Jet.